**Open Meeting Law: City Council: Committees.** Mere attendance by additional council member(s) at meeting of a council committee, held in compliance with Open Meeting Law, would not constitute special council meeting requiring separate notice, but such member(s) should not participate in committee discussions or deliberations, absent separate notice.

63a-5
(Cr. Ref. 125a-14,
161a-16, 471-e)

August 28, 1996

Laurence J. Klun
Attorney at Law
103 East Chapman Street
Ely, MN 55731

Dear Mr. Klun:

In your letter you present substantially the following:

## FACTS

The City Council of Ely is composed of seven members. The Council has established several committees, each composed of three of its members. Meetings of the Council and all committees are held in compliance with the notice requirements of Minn. Stat. § 471.705, subd. 1c.

You then ask substantially the following questions:

## QUESTION ONE

If a committee of three (3) Council members meets pursuant to notice under Minn. Stat. § 471.705, does a violation of the statute occur if a fourth or additional Council member attends the committee meeting?

## OPINION

To the extent that the involvement of the additional member is limited to attendance at the committee meeting, we answer your question in the negative. However, we believe that a

violation may be found if the additional member(s) participate in discussions or deliberations of the committee upon matters of city business within the council's purview.

Minn. Stat. § 471.705, (the Open Meeting Law) requires, with certain exceptions, that meetings of a local government body "and of any committee, subcommittee, board, department or commission thereof" be open to the public. Subdivision 1c of that section imposes requirements for notice to the public of the time and place of meetings of bodies covered by the Open Meeting Law.[1] Our courts have defined a "meeting" subject to the requirements of the Open Meeting Law as a gathering of:

> A quorum or more members of the governing body, or a quorum of a committee, subcommittee, board, department, or commission thereof, at which members discuss, decide, or receive information as a group on issues relating to the official business of that governing body.

Moberg v. Independent Sch. Dist. No. 281, 336 N.W.2d 510, 518 (Minn. 1983) (emphasis added); Thomas v. Kroschel, 506 N.W.2d 14 (Minn. Ct. App. 1993). In the situation you describe, it is presumed that a meeting of a committee composed of three members of a seven-member Council is being held, pursuant to proper notice, open to the public. If one or more additional members of the Council arrive at the meeting, however, a quorum of the Council is then present. Thus, it may be argued that the gathering is in violation of the notice requirements of the Open Meeting Law unless there has been appropriate notice of a Council Meeting, in addition to the notice of the committee meeting.

---

1. In the case of "regular meetings" this requirement is met by maintaining a schedule of such meetings at the body's primary offices. Special meetings, and regular meetings held at a time or place other than that listed on the schedule are generally subject to posting and mailed or published notice requirements in each instance. Minn. Stat. § 471.705, subd. 1(c) (1994).

It is also arguable, however, that notice of the committee meeting is sufficient to inform the public that information pertinent to city issues within the committee's subject area will be received and discussed at the stated time and place and no additional notice should be required.

Our courts have noted that:

[3] Legislative history suggests that the Open Meeting Law was enacted to prevent public bodies from dissolving into executive sessions on important but controversial matters and to insure that the public has an opportunity both to detect improper influences and to present its views.

Moberg v. Independent Sch. Dist. No. 281, 336 N.W.2d 510, 517 (Minn. 1983). However, it has also been held that there needs to be a "balancing [of] the public's right to be informed" against the "effective and efficient administration of public bodies." Sovereign v. Dunn, 498 N.W.2d 61 (Minn. App. 1993).

In the circumstances you present, the public has been appropriately informed of the committee meeting and may choose to attend in order to observe committee discussions and the presentation of information to the committee, detect influences upon the committee's decisions and, where appropriate to the proceedings, present its views. It would not seem that the mere presence of an additional member of the Council would affect the right or decision of members of the public to attend the committee meeting. Indeed, any member of the public in attendance would be in the same position as a council member in the audience to observe and evaluate the operation of the committee in carrying out its duties.

Therefore, we do not believe that the principles underlying the Open Meeting Law are subverted if one or more council member, without prior notice, merely observes an event or proceeding which is open on an equal basis to all members of the public. Such "receipt of information" would seem even less troublesome than the distribution of written information, not available to the public, to members of a governing body as was sanctioned in Moberg where the court said:

> The distribution of written questions and answers was functionally equivalent to receiving the information through the mail, which is permissible under our present holding. There was also no danger of forming a group consensus because no information was actually received until the material was read, <u>and no discussion occurred</u>.

336 N.W.2d at 517-18. (Emphasis added.)

The foregoing reasoning would not apply, however, in circumstances where the additional Council members participate in discussion or deliberations of a committee which is officially comprised of less than a quorum of the Council. In such a case, the additional members' involvement would go beyond mere receipt of the same information as members of the public who might choose to attend. Discussions and deliberations among a quorum or more of the Council could lead to the formulation of a consensus or preliminary decision by the Council itself. Such a process should take place in a properly called and noticed Council meeting rather than in a meeting represented as a committee meeting only. There may well be citizens who would forego attending a committee meeting, expecting to observe the full Council deliberations on the committee's recommendations at a subsequent Council meeting. To the extent that those discussions may have already occurred without prior notice, the public's rights under the Open Meeting Law would be subverted.

These conclusions would seem to be implicitly supported by the opinion of the Court of Appeals in <u>Thomas v. Kroschel</u>, 506 N.W.2d 14 (Minn. Ct. App. 1993). In that case, persons constituting a quorum of the Afton City Council attended a meeting of the Afton Planning Commission are found to have violated the Open Meeting Law. However, the violation was not based upon their presence at the meeting, but upon the finding that they had conducted public business in a private discussion outside the meeting room.

## QUESTION TWO

If the Answer to Question I is "yes," what procedures can be employed to correct this defect and allow additional Council members to "participate"?

## OPINION

An open-ended question such as this does not lend itself to a comprehensive answer by means of an opinion of our office. The best we can say is that we are unaware of any specific statutory procedure which would permit a quorum of members, on an ad hoc basis, to discuss city business without specific prior notice. One possibility you have suggested is the posting and publication of a generic notice which would state that a quorum of members may, from time-to-time attend, for example, committee meetings; and that such occasions will be considered "special meetings" of the Council.

As noted above, we do not believe any separate notice would be required if additional members merely attend a committee meeting. A notice such as the one in your example might, however, be helpful in alerting the public, to the extent they are interested, that Council members might also observe the committee proceedings.

However, such a notice would not satisfy the statutory requirements for notice of any particular special meeting of the Council for purposes of discussions or deliberations upon city issues by a quorum. Minn. Stat. § 471.705, subd. 1c(b) requires that notice of each special meeting specify the date, time, and purpose of the meeting. A continuing general notice of the sort you have described would clearly not satisfy these requirements. No other mechanism comes to mind which satisfy those requirements absent a qualifying notice for each contemplated special meeting.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General